# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>WESLY ANTHONY MORALES,<br><br>          Defendant. | Case No.: 18-CR-2242-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

  Pending before the Court is Defendant Wesly Anthony Morales' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States filed a response in opposition. Defendant did not file a reply. For the reasons set out below, the Court denies Defendant's motion.

  On May 3, 2018, Defendant was indicted on charges of conspiracy to distribute cocaine and possession of cocaine with intent to distribute, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503 and 70506(b), and aiding and abetting, in violation of 18 U.S.C. § 2. (ECF No. 24.) On September 24, 2019, the United States filed a superseding information charging Defendant with conspiracy to distribute cocaine intended for unlawful importation in violation of 21 U.S.C. §§ 959, 960, and 963. (ECF No. 86.) On the same date, Defendant pled guilty to the superseding information pursuant to a written plea agreement. (ECF Nos. 88, 90.)

On December 20, 2019, the Court sentenced Defendant to 96 months in custody, followed by three years of supervised release. (ECF No. 133.) On March 1, 2021, Defendant, proceeding *pro se*, filed the present motion to vacate. (ECF No. 145.)

Under 28 U.S.C. § 2255, the Court may "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct a sentence pursuant to § 2255. *See* 28 U.S.C. § 2255(f). For purposes of a § 2255 motion, a judgment becomes final and the limitations period begins to run "upon the expiration of the time during which [he or] she could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Here, because Defendant waived his right to appeal (*see* ECF No. 90), the judgment became final on December 20, 2019. Thus, under the AEDPA, Defendant had until December 20, 2020 to file his motion. Defendant, however, filed the present motion on March 1, 2021. (ECF No. 145.)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

There is nothing before the Court to support a finding that the limitations period was tolled during this time. Defendant's § 2255 motion is therefore untimely and must be denied.[1]

**IT IS SO ORDERED**.

Dated: June 28, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Even if Defendant's motion were timely, it must be denied because Defendant waived his right to appeal or to collaterally attack his conviction. (*See* ECF No. 90.)